Jose Maria Uvalle
Reg. No. 16040-479
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA  92301



# UNITED STATES DISTRICT COURT
# Northern District of Texas (Dallas)

| | |
|---|---|
| JOSE MARIA UVALLE,<br><br>  Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant(s). | Case Number: **3:19-cr-00371-L-2**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER MARIA UVALLE'S TITLE 28 USC Section 2255 PETITION** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER**

**MARIA UVALLE'S TITLE 28 USC Section 2255 PETITION**

NOW COMES, Petitioner Jose Maria Uvalle and respectfully submits this Memorandum of Points and Authorities in Support of his Title 28 U.S.C. Section 2255 Petition. Petitioner Uvalle's Title 28 U.S.C. Section 2255 Petition is timely filed.

## GROUNDS FOR RELIEF

**GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE**..............................................................2

**GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PROCURE AND PROVIDE AN INTERPRETER**..............................................................3

**GROUND THREE: COUNSEL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS**..............................................................3

**GROUND FOUR: COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS MARIA UVALLE'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, ANDINVOLUTARILY**..............................................................4

**GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR HIS LACK OF CONSULTTATION**..............................................................5

**AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT**..............................................................6

**RELIEF REQUESTED**..............................................................7

**VERIFICATION**..............................................................8

**CONCLUSION**..............................................................8

**CERTIFICATE OF SERVICE**..............................................................9

## PREAMBLE
### (Facts adopted in part, not in full)

This honorable Court is familiar with the facts in this case.

## GROUNDS FOR RELIEF

The right to effective assistance of counsel is found in the Sixth Amendment to the United States Constitution. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. This right was comprehensively discussed in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In Strickland, supra, the Supreme Court set forth the two-prong test for establishing ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, at 687 – 88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, at 689 – 90.

Moreover, the Constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: The right to counsel, the right to effective assistance of counsel, the right to a preparation period sufficient to ensure minimal level of quality of counsel, and the right to be represented by counsel of one's own choice.

After a defendant's Sixth Amendment right to counsel attaches, he has a right to the advice of counsel at any stage of the prosecution, formal or informal, in court or out, where

1

counsel's absence might derogate from the accused's right to a fair trial. United States v. Wade, 388 U.S. 218 (1967).

## GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE

Petitioner Uvalle submits that Counsel Herrington and Counsel Romero were ineffective during the plea phase, pretrial and sentencing phase because Counsels failed to investigate the actual facts, procure and provide an interpreter, apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, demonstrated half-heartedness performance, failed to explain the PSR and the information contained in the PSR and any Objections, failed to inform Petitioner of any plea negotiation attempts, failed to present Petitioner with the plea document, failed to adequately consult with Petitioner Uvalle, and indicated that Petitioner's guilty plea would yield a different sentence. Had Counsel Herrington and Counsel Romero apprised, properly informed, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer. Here, the records shows that Petitioner Uvalle attempted to withdraw his plea. Hence, Petitioner submits that his Plea of Guilty is null and void because it was unconstitutionally obtained and in violation of Petitioner's due process rights and right to effective assistance of counsel.

\* Please See Affidavit attached herein.

### GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PROCURE AND PROVIDE AN INTERPRETER

Petitioner submits that Counsel Herrington and Counsel Romero were ineffective for their failure to procure and provide a Spanish speaking interpreter. Counsel Herrington and Counsel Romero are not Spanish/English interpreters or certified in that area. However, Counsel Herrington and Counsel Romero persisted in moving forward with several visits with Petitioner Uvalle to discuss the case to which Petitioner Uvalle did not completely understand. The records and files to all the Counsel visits will show that Counsel Herrington and Counsel Romero in certain documents were not translated. Petitioner Uvalle entered a plea of guilty with omitted information, misunderstood information and without the awareness and understanding of the full version of the facts rendering ineffective assistance of counsel and a null and void plea of guilty. Had Counsel Herrington and Counsel Romero apprised, properly informed, procured an interpreter for the documents, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

\* Please See Affidavit attached herein.

### GROUND THREE: COUNSEL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS

Petitioner submits that Counsel Herrington and Counsel Romero were ineffective for their defective advice intentional inaccurate and misleading of advice and facts to Petitioner Uvalle. Counsel Counsel Herrington and Counsel Romero indicated Petitioner would receive a

low-end sentence and not to worry, failed to explain the PSR to Petitioner and advised Petitioner to agree by saying yes to the Judge.

Had Counsel Herrington and Counsel Romero apprised, properly informed, procured an interpreter and interpreted documents, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer. The proceedings would have been different.

* Please See Affidavit attached herein.

**GROUND FOUR: COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS PADILLA-MATINEZ'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY**

Petitioner Uvalle submits that his Guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently, and involuntarily due to Counsel Herrington and Counsel Romero's misleading, inaccurate, deceptive, and omitted set of facts and advice. The PSR was not explained, the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Counsel Herrington and Counsel Romero exhibited his desire to a speedy disposition of Petitioner's case. Had Counsel Herrington and Counsel Romero apprised, properly informed, procured an interpreter, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

Petitioner submits that in order for a guilty plea to be valid, the Constitution imposes "the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice." Brady, 397 U.S. at 748. Because it operates as a waiver of important constitutional

4

rights, the plea must also be entered "knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady, 397 U.S. at 748). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Petitioner submits that numerous cases make it perfectly clear that a guilty plea based on such misinformation is constitutionally invalid. Smith v. O'Grady, 312 U. S. 329, 334 (1941); Henderson v. Morgan, 426 U. ...S. 780 (1979), actually supports the contrary proposition: that a constitutionally invalid guilty plea may be set aside on collateral attack whether or not it was challenged on appeal.

* Please See Affidavit attached herein.

### GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR HIS LACK OF CONSULTTATION

Petitioner submits that Counsel Herrington and Counsel Romero were ineffective for their lack of consultation. During the pretrial and sentencing phase, counsel failed to explain the elements, failed to explain the Sentencing Guidelines, failed to show Petitioner the PSR and explain the substance of the PSR, and failed to explain and show the evidence to Petitioner. During visits, Counsel simply indicated to plead guilty and that Petitioner would be sentenced to a low end. Petitioner submits that lack of consultation might well support a finding of ineffective assistance of counsel [United States exrel. Washington v. Maroney, 428 F.2d 10 (3d Cir. 1970)],

5

but the amount of time counsel spends with the defendant is only one factor to be weighed in determining the effectiveness of representation. O'Neal v. Smith, 431 F.2d 646(5th Cir. 1970); Brinegar v. United States, 290 F.2d 656 (6th Cir. 1961).

Had Counsel Herrington and Counsel Romero adequately consulted with Petitioner Uvalle, the proceedings would have been different, and Petitioner would have not ended with a lengthy sentence.

\* Please See Affidavit attached herein.

### AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

Title 28, United States Code Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This section also provides as follows:

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Petitioner's Section 2255 Petition and Affidavits, Petitioner has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an

6

evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 766, 768 (7th Cir. 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Here, Petitioner Uvalle was directed to and induced by Counsel to sign a plea agreement and enter a plea of guilty for significantly a lot less of what counsel told Petitioner. Petitioner argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

**RELIEF REQUESTED**

For the above-named reasons, Petitioner prays that this Court:

i. Issue a writ of habeas corpus to have Petitioner brought before the Court to the end that he may be discharged from this unconstitutional conviction;
ii. Require Respondent to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentence;
iii. Permit Petitioner to amend this Petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation, and litigation of this habeas corpus Petition;
iv. Require Respondent to file an answer in the form prescribed by the Rules Governing § 2255 proceedings, admitting or denying each and every factual allegation set forth in this Petition;
v. Permit Petitioner to conduct and utilize the procedures for discovery under Rule 6 of the Rules Governing § 2255 proceedings and Fed.R.Civ.P. 26 – 37, to the extent necessary to

fully develop and identify the facts supporting this Petition, and any defenses thereto raised by Respondent's Answer;

vi. Conduct an evidentiary hearing to resolve any factual disputes in relation to the claims in this Petition, by Respondent's Answer to this Petition, or by Petitioner's Response to any affirmative defenses raised in Respondent's Answer;

vii. Issue a writ of habeas corpus Granting new proceedings to cure all constitutional defects in the federal proceedings that resulted in Petitioner's Federal conviction;

viii. Issue an Order appointing Counsel for Petitioner for this habeas corpus proceeding; and

ix. Grant such other and further relief as may be deemed just and proper.

## VERIFICATION

I, the Petitioner, state as follows:

a) I am a pro se pauper in federal custody; and
b) Based on my first-rate personal knowledge, and a review of the limited record, I know all the facts described in this Petition and verify them as true.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

## CONCLUSION

WHEREFORE, for the reasons stated above, Petitioner prays this honorable Court Grant Petitioner the relief he seeks.

Dated this 14th day of January 2022.

Sign Name: _____

Jose Maria Uvalle
Reg. No. 16040-479
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301

8

## CERTIFICATE OF SERVICE

I, Petitioner Jose Maria Uvalle, hereby, certifies and declares that on January 14th, 2022, I have served the Original of the following: <u>1) Title 28 U.S.C. Section 2255 Petition; 2) DECLARATION OF IN SUPPORT OF PETITIONER MARIA UVALLE'S TITLE 28 USC Section 2255 PETITION; and 3) Memorandum of Points and Authorities in Support of Title 28 U.S.C. Section 2255 Petition.</u>

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed, postage prepaid envelope addressed to:

United States District Court
1100 Commerce St # 1452
Dallas, TX 75242

And deposited same in the United States Legal Mail System at the:

FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301

  I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Sign Name: _____

Jose Maria Uvalle
Reg. No. 16040-479
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301

Jose Maria Uvalle
Reg. No. 16040-479
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA  92301

## UNITED STATES DISTRICT COURT

### Northern District of Texas (Dallas)

JOSE MARIA UVALLE,

    Plaintiff(s),

vs.

UNITED STATES OF AMERICA,

    Defendant(s).

Case Number: **3:19-cr-00371-L-2**

*Title of Document:*

DECLARATION OF MARIA UVALLE IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

I, JOSE MARIA UVALLE, Reg. No. 16040-479, am over the age of 18 years old, and I declare as follows:

1. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2. I state that Attorney Robert J Herrington and Attorney Rose L Romero were my attorneys during the above captioned case.

3. I was represented by both attorneys at different times of my pretrial proceedings and sentencing.

DECLARATION OF MARIA UVALLE IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

## COUNSEL HERRINGTON AND COUNSEL ROMERO

2. During the visits Counsel Herrington and Counsel Romero failed to procure and provide a Spanish speaking interpreter to properly interpret the legal documents. Counsels did not identify himself as a certified Spanish interpreter nor did they inform Petitioner of his qualifications as an interpreter. Petitioner did not completely understand what the conversations or documents, if any, between Counsel Herrington and Counsel Romero and Petitioner were about.

3. Petitioner was not informed by Counsel Herrington and Counsel Romero of any plea negotiations, investigations, evidence, sentencing guidelines, Petitioner's offense level, did not review the PSR with Petitioner, or explain the substance of the PSR to Petitioner. Petitioner is unaware of any Objections filed challenging the information in the PSR, failed to properly and effectively consult with Petitioner to apprise and inform Petitioner of the benefits of pleading guilty or opting to trial.

4. Counsel Herrington and Counsel Romero failed to show and explain the evidence against Petitioner.

5. Counsel Herrington and Counsel Romero failed to engage in investigative procedures.

6. Counsel Herrington and Counsel Romero intentionally and deliberately provided defective, deceptive and inaccurate advice to Petitioner in order to coerce and mislead Petitioner into pleading guilty.

7. Counsel Herrington and Counsel Romero abandoned Petitioner's best interests during the pretrial and following phases.

8. During one of the visits with Petitioner, Counsel indicated to Petitioner that Petitioner was looking at the low end.

DECLARATION OF MARIA UVALLE IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

9. Had Counsel Herrington and Counsel Romero properly advised, apprised and informed Petitioner of all the facts, information, and evidence of the case Petitioner would not have pleaded guilty and instead proceeded to trial, or engaged in plea negotiations to obtain a favorable plea offer.

10. The Petitioner believes to have been shown no evidence or explained to him by Counsel before entering a plea of guilty. Petitioner is requesting appointment of counsel.

11. Petitioner Maria Uvalle states that Counsel Herrington and Counsel Romero directed Petitioner to enter a plea of guilty and to agree to everything. Counsel led Petitioner to believe that Petitioner would be sentenced to several months. Petitioner believed Counsel and followed his directions because Counsel repeatedly indicated that Petitioner participation was of a minimal role and based on that Petitioner would be sentenced to a low end. Petitioner had difficulty understanding Counsel because certain times Counsel did not offer any details.

13. I made numerous attempts to withdraw my plea because I learned that some of the facts were not true and not making sense. There were other incidents were I did not understand and was not informed or explained what was going on.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 30, 2021.

Dated this 14th day of January 2022.

Jose Maria Uvalle
Reg. No. 16040-479
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA  92301

DECLARATION OF MARIA UVALLE IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION