IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MARIA UVALLE, | § | |
| #16040-479, | § | |
|    Movant, | § | |
| v. | § | No. 3:22-cv-00168-L (BT) |
| | § | No. 3:19-cr-00371-L-2 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Respondent. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jose Maria Uvalle, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Uvalle's § 2255 motion.

I.

Uvalle pleaded guilty to count two of the indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The District Court sentenced him to 156 months' imprisonment. Uvalle did not appeal.

In his § 2255 motion (CV ECF No. 2) and memorandum in support (CV ECF No. 3), Uvalle generally argues his attorneys provided ineffective assistance of counsel:

1

 (1) during the pretrial, plea, and sentencing phases;

 (2) by failing to procure and provide an interpreter;

 (3) by providing "defective advice and intentional [sic] inaccurate and misleading of facts," Mot. 6 (CV ECF No. 2);

 (4) by rendering his guilty plea "void[ ]," Mem. 2 (CV ECF No. 3); and

 (5) by failing to consult with him.

The Government responds that (1) Uvalle's ineffective assistance of counsel claims should be denied because they are wholly conclusory, and (2) Uvalle's claim that his attorneys' conduct resulted in him entering into an unknowing and involuntary plea fails on the merits. Uvalle did not file a reply, and the time for doing so has passed. Therefore, Uvalle's claims are ripe for determination.

## II.

A. Uvalle's claims are conclusory.

Uvalle raises five claims of ineffective assistance of counsel. Mot. 4-8 (CV ECF No. 2); Mem. 2 (CV ECF No. 3). But his claims are wholly conclusory and should be summarily dismissed.

Although *pro se* filings are liberally construed, this does not mean the Court must develop the arguments for the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts

do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, Uvalle takes a "shotgun" approach to setting forth his arguments. His claims consist of little more than a boilerplate list of alleged deficiencies by his attorneys. And he does not specifically identify which of his attorneys engaged in any particular conduct; he simply makes general allegations against his "attorneys." [1]

---

[1] Initially, the Court appointed Robert Herrington to represent Uvalle, *see* (CR ECF No. 4), and Herrington did so for more than a year during which time Uvalle entered into a plea agreement and pleaded guilty, *see* (CR ECF Nos. 34, 43). The Court set Uvalle's sentencing hearing for June 1, 2020, and ordered a presentence investigation report. *See* (CR ECF No. 53). However, the Court postponed the sentencing in May of 2020 "[i]n light of the COVID-19 pandemic, and the safety concerns related thereto regarding the participants and attendants at the sentencing." *See* (CR ECF No. 73). Four months later, Uvalle mailed a *pro se* letter to the Court (App. 3-6 (CV ECF No. 16)) expressing dissatisfaction with Herrington. Then, on September 25, 2020, Herrington moved to withdraw (CR ECF No. 75) as trial counsel. Following a hearing (CR ECF No. 82), the Court allowed Herrington to

For example, in Uvalle's motion, he alleges—without any explanation or elaboration—that his attorneys failed "to investigate, procure and provide an interpreter, apprise Petitioner of the facts, omitted and misleaded [sic] Petitioner with vital case information." Mot. 4 (CV ECF No. 2). He concludes that if his attorneys had "apprised, properly informed, procured an interpreter, not misleaded [sic] or deceived Petitioner," he "would not have enetered [sic] a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer." *Id.* Uvalle's memorandum is equally conclusory. In it, he generally alleges his attorneys were "ineffective" in several respects, such as for failing to investigate "the actual facts," "procure and provide an interpreter," "apprise Petitioner of the facts," "omitted and misleaded [sic] Petitioner." Mem. 4 (CV ECF No. 3). Uvalle summarily concludes that his guilty plea was rendered "null and void" because it was obtained in an unconstitutional manner which violated his "due process rights" and "right to effective assistance of counsel." *Id.*

These allegations are conclusory and fail to state a claim for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing the two-pronged standard for ineffective assistance of counsel claims; movant must show: (1) his attorney's performance was

---

withdraw (CR ECF No. 83). The Court appointed Rose Romero to serve as trial counsel for Uvalle, *see* (CR ECF No. 84), and Romero represented Uvalle at his sentencing hearing on February 25, 2021, *see* (CR ECF No. 103).

deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (holding the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel). Uvalle does not attempt to explain how his attorneys' performance was deficient or how their allegedly deficient performance prejudiced him. While he states that he would have insisted on going to trial if his attorneys had represented him differently, Uvalle's assertion is wholly conclusory. He offers no facts or any evidence to support his assertion. Thus, Uvalle's motion is conclusory, and his claims fail under both prongs of the *Strickland* standard. *See Strickland*, 466 U.S. at 687; *see also Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("conclusory allegations [fail] to raise an issue [that is] cognizable in a habeas proceeding") (citing *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980)).

Further, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard*, 762 F.3d 467, 477 (5th Cir. 2014) (citing *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011)). "[I]n a guilty plea scenario, a [movant] must prove not only that his attorney actually erred, but also that he would not have pled guilty

5

but for the error." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). Uvalle's failure-to-investigate claim fails to allege with any specificity what a proper investigation would have revealed or how it would have impacted the outcome of his case. *See Green*, 882 F.2d at 1003.

The Government posits that Uvalle's motion is without merit because it appears he merely copied and pasted from a § 2255 motion filed by another inmate represented by a lawyer named "Beck." Resp. 12 n.3 (CV ECF No. 15) (citing Mot. 5 (CV ECF No. 2) (stating "Counsel Beck" insisted on moving forward even though Petitioner failed to understand)). Indeed, the Government notes that Uvalle is not the only movant to submit a nearly identical form memorandum alleging "Counsel Beck" provided ineffective assistance of counsel. *Id.* (citing *United States v. Harris*, 4:22-cv-214-O, ECF No. 2 at 5). Other parts of Uvalle's memorandum suggest it was written by another inmate who is referred to in the memorandum as "Padilla-Martinez." *Id.* (citing Mem. 6 (CV ECF No. 3) ("Counsel's ineffective assistance renders voids [sic] Padilla-Martinez's guilty plea because it was entered unknowingly, unintelligently, and involuntarily.")). Regardless of any similarities to other pleadings filed by other inmates, Uvalle's ineffective assistance of counsel claims are conclusory and should be summarily dismissed. *See Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance

6

of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994)); *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

B. <u>Uvalle has not shown his attorneys' alleged ineffective assistance of counsel rendered his plea unknowing and involuntary.</u>

Uvalle alleges his attorneys' conduct led him into an unknowing, unintelligent, and involuntary plea. Mem. 6-7 (CV ECF No. 3). Specifically, he contends his attorneys provided deficient performance during the plea stage when they failed to obtain an interpreter and properly explain the documents that memorialized his guilty plea (i.e., the plea agreement and factual resume). Mem. 5 (CV ECF No. 3). Uvalle also alleges that his attorneys promised him a sentence at the "low end." *Id.* at 7. As discussed below, he cannot show his attorneys provided ineffective assistance of counsel that led to him entering an invalid guilty plea.

Uvalle has not shown that his guilty plea was invalid. For a guilty plea to be valid, it must be both knowing and voluntary. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) ("A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently.") (quotation marks and citation omitted); *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("Because a guilty plea involves the waiver of constitutional rights, it must be knowing, voluntary, and intelligent.") (citing *Brady v. United*

7

*States*, 397 U.S. 742, 748 (1970)). A knowing and voluntary guilty plea means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Lord*, 915 F.3d at 1016. The consequences of sentencing, as they relate to a guilty plea, mean that the defendant must be aware of the maximum prison term and fine for the offense he is charged. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."); *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) (per curiam) ("[B]ecause [the defendant] was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged,

8

he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003)). Uvalle fails to specifically address any of these matters and thus has not shown his guilty plea was invalid.

Uvalle's argument also is belied by the record. At his rearraignment hearing—where he was provided the services of a Spanish-language interpreter—he admitted under oath that (1) he understood the charge against him; (2) he understood the consequences of pleading guilty; and (3) his guilty plea was freely and voluntarily made. (CR ECF No. 161 at 3, 7-18; *see also* CR ECF No. 46 at 1). Uvalle also admitted that the relevant documents, including the indictment, the plea agreement, and the factual resume, had been translated for him, that he had discussed those documents with his attorney, and that he fully understood everything contained in those documents. (CR ECF No. 161 at 5, 10-12, 16-17.) Uvalle confirmed that no one had threatened him or tried to force him to plead guilty. *Id.* at 11. He also stated that—other than the plea agreement—no one had made him any promises or assurances of any kind in order to get him to plead guilty. *Id.* at 15.

Uvalle's formal declarations in open court carry a strong presumption of truth, which form a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing

9

while under oath." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)); *see also United States v. Palmer,* 456 F.3d 484, 491 (5th Cir. 2006) (noting plea colloquies are considered "solemn declarations in open court which carry a strong presumption of verity") (quotation marks and citation omitted).

The Court referenced Uvalle's Factual Resume and incorporated it into his rearraignment proceedings. (CR ECF No. 161 at 8, 17.) In his Factual Resume, Uvalle acknowledges the elements of the offense set forth in count two of the indictment and the stipulated facts that support the offense of conviction. (CR ECF No. 36 at 1-3.) The Court advised Uvalle the penalty he faced was imprisonment for not more than twenty years and a fine not to exceed $1 million, or twice any pecuniary gain to him or loss to the victims. (CR ECF No. 161 at 15.) The Court also advised Uvalle of the constitutional rights that he would be waiving by pleading guilty. *Id.* 6-7. He admitted he was guilty of count two of the indictment. *Id.* 16. And the Court found Uvalle was "fully competent and capable of entering an informed plea." *Id.* 18. Thus, Uvalle entered a "knowing and voluntary plea" to count two of the indictment, and his guilty plea was "supported by an independent basis in fact." *Id.*

Further, Uvalle's argument is inconsistent with court documents. His signed plea agreement contains the following provision.

10

> 13. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by his agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

(CR ECF No. 34 at 6-7.) A presumption of regularity is bestowed upon court documents, and for this reason, they are accorded great weight. *United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994) (stating a signed, unambiguous plea agreement is accorded great evidentiary weight when determining if a guilty plea is knowing and voluntary); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (recognizing an official state record is accorded "great weight") (citing *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985)).

In sum, Uvalle has failed to demonstrate that his attorneys' conduct resulted in him entering an unknowing and involuntary guilty plea. This claim fails on the merits and should be denied.

### III.

The District Court should DENY Uvalle's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed May 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)